IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|    Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-01-132(1) |
| | § | C.A. No. C-06-91 |
| JEFFREY LYNN WARDEN, | § | |
| | § | |
|    Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING GOVERNMENT MOTION TO DISMISS, DENYING MOTION TO VACATE SENTENCE, AND DENYING CERTIFICATE OF APPEALABILITY,**

Pending before the Court is Jeffrey Lynn Warden's ("Warden") motion to vacate sentence under 28 U.S.C. § 2255 with supporting memorandum. (D.E. 25, 26).[1] Also before the Court is the government's answer and motion to dismiss, or in the alternative, for summary judgment. (D.E. 29). Additionally, Warden has filed a supplement (D.E. 30)[2] to an earlier motion for recusal, which the Court had previously denied. (See D.E. 27, 28). He also filed a motion for summary judgment (D.E. 32), in which he argued that he was entitled to summary judgment because the government had not filed a response, followed shortly thereafter by a motion to withdraw his motion for summary judgment (D.E. 33), which he filed after he received the government response.

---

[1] Docket entries refer to the criminal case, Cr. No. C-01-132.

[2] The Clerk received identical documents from Warden on two consecutive days, June 5, 2006 and June 6, 2006. (D.E. 30, 31). Only the first was docketed as a supplement (D.E. 30), and the second was simply docketed as a duplicate of the first (D.E. 31).

1

For the reasons set forth herein, Warden's supplement to his motion to recuse, which continues to seek this Court's recusal is DENIED. Moreover, for the reasons set forth herein, the Court GRANTS the government's motion to dismiss because Warden's motion is time-barred. It therefore DISMISSES his § 2255 motion and also DENIES him a Certificate of Appealability.

Additionally, Warden's motion to withdraw his motion for summary judgment is GRANTED.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**A.    Summary of Offense**[3]

On March 26, 2001, Warden was the driver and sole occupant of a tractor truck that arrived at the Falfurrias Border Patrol checkpoint. While conducting an immigration inspection, Border Patrol agents noticed that Warden appeared nervous. During the inspection, a canine alerted to the tractor. Warden consented to a search, and was referred to a secondary inspection area. Warden stated that he had smoked marijuana in the cab of the tractor while at a truck stop in Mission, Texas.

While in the secondary inspection area, the canine again positively alerted to the cab area. Further inspection of the trailer revealed 68 bundles of marijuana, with a weight of

---

[3] The factual background of the offense is from the Presentence Investigation Report ("PSR") at ¶¶ 4-5.

192.75 kilograms, secreted in a compartment on the back wall of the sleeper cab. Warden stated that he had purchased the marijuana from an unidentified source in Mission, Texas, for $6,000, and intended to sell the marijuana in large amounts in Corpus Christi, Texas. Warden advised that he expected to make $20,000. Warden then declined to make any further statements.

**B.     Criminal Proceedings**

On April 17, 2001, Warden was charged in a single-count indictment with knowingly and intentionally possessing with intent to distribute approximately 199 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). On May 29, 2001, Warden pleaded guilty pursuant to a written plea agreement with the government. In exchange for his guilty plea, the government agreed to recommend a three-level credit for acceptance of responsibility and a sentence at the lowest end of the guideline range. (D.E. 6, 7).

On August 8, 2001, the Court sentenced Warden to 76 months in the custody of the Bureau of Prisons, to be followed by a five-year supervised release term, and also imposed a $100 special assessment. (D.E. 14, 16). Considering Warden's past history of crimes against children, the Court also ordered that he undergo a sex-offender evaluation and that he receive whatever counseling was determined necessary. Warden objected to one of the conditions of his supervised release, designed to limit his contact with children, as too broad in scope. (D.E. 20, Sentencing Transcript ("S. Tr.") at 18-19). The Court agreed and directed the parties to arrive at more suitable language. (S. Tr. at 19-24). Judgment of

conviction was entered on August 17, 2001. (D.E. 16).

Warden timely appealed, and the Fifth Circuit affirmed in a per curiam opinion dated May 14, 2001 affirming his conviction and sentence (D.E. 22, 23). Warden filed a petition for writ of certiorari, which the Supreme Court denied on October 7, 2002. Warden v. United States, 537 U.S. 935 (2002).

### III. MOVANT'S ALLEGATIONS

Warden asserts three grounds for relief in his § 2255 motion. First, he claims that the special conditions of supervision imposed on him violated due process and "were fundamentally unfair." (D.E. 26 at 1). Specifically, he argues that they were imposed on him based on unreliable evidence. (D.E. 26 at 1, 2-4)). Second, he argues that imposing upon Warden the financial cost of the drug, sex offender, and anger management treatment programs upon Warden without warning him about the possibility at the Rule 11 plea colloquy resulted in a constitutionally flawed colloquy. (D.E. 26 at 1, 4-5). He thus contends that his guilty plea was unknowing or involuntary (D.E. 25 at 2, ¶ 12). Third, he argues that his counsel was constitutionally ineffective for failing to challenge these issues at sentencing. (D.E. 26 at 4, 5; D.E. 25 at 2, ¶ 12)

The government moves for dismissal on the grounds that Warden's motion is untimely.[4] Warden acknowledges that his motion was filed more than one year after his conviction became final, but argues that it should be deemed timely because he has "only

---

[4] The government also argues that, even if timely, Warden's claims should also be dismissed on their merits. (D.E. 29 at 1, 9-16).

4

recently become aware of the standards by which counsel should have been operating." Because the Court determines that Warden's motion is time-barred, it does not reach the merits of his asserted grounds for relief.

## IV.  ANALYSIS

### A.     Renewed Motion to Recuse

The Court addresses first Warden's supplement to his previously-denied recusal motion, and will treat it as a motion to reconsider.  In his supplement, he contends that the Court applied the wrong standard when ruling on his recusal motion.  Specifically, he argues that he requested recusal pursuant to 28 U.S.C. § 144, and that the Court improperly applied the standards of § 455(a).

Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceedings.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.  A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

Warden claims that Section 144 requires that, once an affidavit is filed by a litigant stating that a particular judge is biased against him, and supporting that statement with facts, that the judge is required to recuse himself. He emphasizes the portion of the statute providing that "such judge *shall* proceed no further therein" as support for his argument that this Court should have granted his motion to recuse and reassigned the case.

Mandatory recusal under § 144 is required, however, only after a determination has been made that the filed affidavit is timely and sufficient. The initial determination of whether the affidavit is "sufficient" to require recusal, in turn, can be made by the judge whose recusal is sought. See Doddy v. Oxy USA, Inc., 101 F.3d 448, 458 n.7 (5th Cir. 1996) (when the issue of recusal arises, whether through a motion to recuse under § 455, an affidavit of prejudice under § 144, or the judge's own motion, the judge has the option to transfer the recusal matter to another judge for decision or determine it himself).

In this case, the Court reviewed Warden's affidavit and found that it did not state an adequate basis for recusal. (See also D.E. 28 at 1-3 (explaining the denial of Warden's initial motion for recusal). The Court reiterates its prior holding that there is nothing in the record to suggest any prejudice or bias against Warden arising from an extrajudicial source. His affidavit does nothing more than point to the Court's comments at sentencing which were either: (1) the reasons for the court's rulings; or (2) comments concerning Warden's veracity. The Court's opinions as to his veracity were derived solely from Warden's conduct in the litigation and his past criminal activity. See Andrade v. Chojnacki, 338 F.3d 448, 454 (5th Cir. 2003) ("judicial rulings alone almost never constitute a valid basis for

6

a bias or partiality motion). Again, the Court finds nothing in Warden's affidavit or supplement that satisfies the standards in § 144 or that requires recusal. Accordingly, Warden's renewed motion for recusal (D.E. 30) is denied.

Having determined that the Court need not recuse itself in this matter, the Court turns to the issue of whether Warden's § 2255 motion is timely filed.

**B.      Timeliness of 28 U.S.C. § 2255 Motion**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(1). The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 1078-79 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

In this case, Warden filed a petition for writ of certiorari, and the Supreme Court denied the petition on October 7, 2002. Warden v. United States, 537 U.S. 935 (2002). Accordingly, Warden's conviction became final on that date and he had one year from that date, or until October 7, 2003, to file a § 2255 motion. Because he did not file his motion until February 14, 2006,[5] his motion was filed more than two years late. Accordingly, it is untimely, utilizing § 2255(1).

---

[5]    The Clerk received Warden's motion on February 21, 2006. The motion indicates that it was signed, however, on February 14, 2006. (D.E. 35 at 7). That is the earliest date it could have been delivered to prison authorities for filing, and the Court deems it filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988) (a document is deemed filed by a *pro se* prisoner when it is delivered to prison authorities for mailing, postage pre-paid); United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings).

The statute also provides certain alternative dates upon which the limitations period may begin, however. Specifically, it provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Warden appears to be arguing for the application of subsection (4) to his case, because he argues that he did not know of the standards by which counsel should have been operating until "recently." (D.E. 26 at 1). This subsection is inapplicable in this case, however, because Warden has not identified any *facts* relevant to his claim, nor any mistakes by counsel, that he did not discover – or could not have discovered – earlier. Rather, he simply argues that he did not learn the standards that governed an ineffective assistance claim nor learn that his counsel's omissions or errors constituted ineffective assistance of counsel until some unspecified time, presumably within a year of filing his § 2255 motion. Essentially, his is an argument that he did not know about the *law*. Under the plain language of subsection (4), it is applicable only when there are facts that could not

8

have been discovered sooner. It is not applicable where, as here, a movant asserts that he could not have discovered the law sooner. Thus, the Court concludes that § 2255(4) is inapplicable here, because there are no facts raised by Warden that could not have been discovered prior to the judgment against him becoming final.

Having found that subsection(4) is inapplicable to this case, the limitations period for Warden to file his § 2255 is governed by subsection (1). Under that provision, as noted, Warden's motion is time-barred and may not be considered by this Court.[6]

Accordingly, for the reasons set forth above, the government's motion to dismiss is GRANTED and Warden's § 2255 motion is DENIED as time-barred.

## C.   Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Warden has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court

---

[6] An exception could be made if Warden were entitled to equitable tolling. The limitations period for § 2255 motions is subject to equitable tolling, however, "only 'in rare and exceptional cases.'" United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002), cert. denied, 123 S. Ct. 2630 (2003) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Warden does not claim that he is entitled to equitable tolling and the record discloses no basis for applying equitable tolling.

has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right ***and*** that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Warden has stated a valid claim for relief, because he cannot establish the second Slack criterion. That is, reasonable jurists could not disagree that his motion is time-barred. Accordingly, Warden is not entitled to a COA.

### V. CONCLUSION

For the foregoing reasons, Warden's renewed motion to Recuse (D.E. 30) is DENIED. The government's motion to dismiss (D.E. 29) is GRANTED, and Warden's motion to vacate pursuant to 28 U.S.C. § 2255 (D.E. 25) is DISMISSED as time-barred. Additionally, Warden is DENIED a Certificate of Appealability.

Finally, Warden's motion to withdraw his motion for summary judgment (D.E. 33) is GRANTED, and the Motion for Summary Judgment (D.E. 32) is deemed withdrawn.

ORDERED this 16th day of August, 2006.

_____
HAYDEN HEAD
CHIEF JUDGE